UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | No. 24-cr-00043-IM |
| v. | **OPINION AND ORDER OF DETENTION** |
| **KENNETH GREEN,** | |
| Defendant. | |

**ARMISTEAD, Magistrate Judge**

I have reviewed the government's motion seeking Mr. Green's detention, Kenneth Green's briefing seeking pretrial release, and Pretrial Services report. I find that there is no condition or combination of conditions that can reasonably assure the safety of the community. Green is detained pending trial or the resolution of his case. Here's why.

First, I was not persuaded by Dr. Steinhauser's March 3, 2024, report and reasoning that Green should be placed in the very lowest risk group for sex offenders. That is because Dr. Steinhauser based her conclusions on the premise that Green is alleged to have viewed child pornography and the alleged conduct amounts to "non-contact" offenses. (Steinhauser 3/3/24 Report p. 2.) Strictly speaking that may be correct. However, the charges of the government are that, in addition to receiving child pornography (18 U.S.C. § 2252A(a)(2)), Green sexually exploited children (18 U.S.C. § 2251(a)), traveled interstate with intent to engage in illicit sexual

**Opinion and Order of Detentions**                                                                                                 **Page 1**

activity (18 U.S.C. § 2423(b)), and attempted to engage in illicit sexual conduct by means of foreign sex tourism (18 U.S.C. § 2423(c)). Those charged offenses evince more than possessing child pornography or "no-contact" offenses. That is, the government alleges that Green ordered custom-made sexual content involving minors and had attempted to physically engage in illicit sex with children. Those are contact offenses, even though Green did not complete them, or the contact was committed by others for his benefit. Other portions of Dr. Steinhauser's report give the court pause, such as her conclusion that Green has "never demonstrated an indifference to the suffering of others," which is based on her opinion that child pornography depicting the sexual abuse of prepubescent children is not an indication of his lack of concern for others. Setting aside that the court disagrees with that opinion, the allegations are not just receiving child pornography. They are much more than that and more troubling.

Second, it is my understanding that the Pretrial Services recommendation does not fully consider the nature of the offense. Especially concerning to the court about the nature of the offense is the alleged six years and enormous volume—35,000 messages—of individual messages to persons in the Philippines with access to children. Although Green does not have any criminal history, this long history that is alleged is uncharged criminal history if true. For the court, in addition to the highly concerning alleged sexual conduct, the government's allegations suggest an exploitation of a vulnerable foreign community, for which there will be, if the allegations are true, generational trauma and harm.

Third, the challenges Green faces on release are several and can combine to create additional risk that he'll commit acts similar to the ones alleged by the government. In addition to the sex offender concerns, he has an alcohol disorder/problem and is currently struggling with

**Opinion and Order of Detention**                                                                                                           **Page 2**

depression and anxiety. Facing all those challenges together and at the same time would be daunting if released, and the risk of harm if he was unable to do so successfully would be disastrous.

Fourth, although home detention in the presence of Green's wife and his stepson could ordinarily be thought of as providing a deterrent effect, as I understand the allegations, Green is alleged to have committed these acts while he lived with his wife, which indicates an ability to evade detection of his alleged sexual-offense conduct.

Finally, as to available data concerning instances of defendants charged with sex offenses who have been found to possess internet-enabled electronic devices while on pretrial release, Pretrial Services informs me that since fiscal year 2021, 37 defendants have been released with Adam Walsh charges. Of those defendants, six have violated the computer/internet condition. That alone is insufficient to say that there is too much of a risk that Green will obtain an unauthorized internet-enabled device. But given the nature of the offense and that Green was allegedly able to engage in illicit activity for six years, suggesting a high degree of sophistication, the risk here is too high to conclude that the conditions recommended by Pretrial are sufficient to ensure the safety of the community.

Dated: March 11, 2024

_____
HONORABLE JEFF ARMISTEAD
United States Magistrate Judge